I think we may have a majority of women in the courtroom today, first time in my life. We're happy to hear argument in our first case, No. 14, 1385, Jenkins v. Ward. Good morning, Your Honors. May it please the Court. My name is Beth Richardson, and I represent the debtor-appellant Matthew Allen Jenkins in this bankruptcy appeal. My associate, Ben Gooding, is here with me today as well. The issue before the Court is whether the District Court erred in adopting the case-by-case analysis to, quote, assess the reasonableness of the trustee's delay, end quote, in filing the objection to discharge and thereby forgiving an otherwise untimely objection to discharge. This Court must reverse the District Court for the following three reasons. First, the case-by-case analysis impermissibly circumvents the plain language of the bank bankruptcy rules, which expressly limits the time to file certain actions in bankruptcy, including objections to discharge. In addition, it impermissibly enlarges what is otherwise the Court's limited discretion to enlarge the time to file certain actions in bankruptcy, including objections to discharge. Second. Can you spin that out a little bit for me? Because it seems to me that the bankruptcy code is a little, well, spin it out, and then maybe we can talk about what my problem is. Absolutely. Well, Rule 4004 addresses filing of the time to file objections to discharge. The first part of Rule 4004 requires that an objection to discharge be filed within 60 days of the first date set for the meeting of creditors. Then in Subpart B, it allows only for a party in interest to file an objection to discharge outside that time if the party timely files a motion to request an enlargement of that time and for cause. So the Court has to first determine was the motion for an extension filed within that 60-day window and whether the party moving is filing the permission to file that for cause. I guess my problem is I don't know that we know when there has been finally a determination. So in this case, the petition was filed on May 14th, and then the first date of the meeting of creditors was set thereafter. Excuse me. The first date for the meeting of creditors was set for May 14th and held. Thereafter, the trust counsel for the trustee in this case did timely file a motion to enlarge the time, and the Bankruptcy Court then set the time for the next meeting for July 11th. The debtor in this case did not show for that meeting, and the Bankruptcy Court ordered that the creditors' meeting would be further convened on July 19th. At that meeting, the debtor appeared, and the creditors' meeting was held. At that time, the trustee stated on the record that she intended to continue the meeting but did not announce a date or time to continue that meeting. Rule 2003 requires the presiding official over any 341 meeting to announce a specific date and time of any continued meeting, not only at the meeting, but then thereafter, the presiding official must promptly file a written notice of the continued meeting state and time. So is it your position then that even though the trustee said very clearly, I am not going to conclude the meeting today, officially the meeting is continued, we are just to disregard that? Well, because that is not following the explicit provisions of Rule 2003. Rule 2003 at one time was stated in a more flexible fashion before 2011, and it allowed the presiding officials to continue meetings in various ways. But after 2011, the – So it is your position that we just disregard the clear statement of the trustee here? Absolutely, because it is in derogation of Rule 2003. What about the fact that you did not raise your 2003 objection in the bankruptcy court? Mr. Jenkins did not. I believe that Mr. Jenkins did clearly preserve the issue. In the bankruptcy court? Yes. If you could give us a record site on that place? Sure. Or you can do it when you come back if it is more convenient. Well, no. When the counsel for the trustee and the bankruptcy administrator filed its complaint objecting to discharge, Jenkins both won in its answer on JA-161, stated that the complaint was barred by the statute of limitations. And then in his opposition brief to the motion for summary judgment on – Where did he mention Rule 2003? Well, he never specifically mentions Rule 2003, but he does refer to the conclusion of the creditor's meeting. And the creditor's meeting, whether or not it is continued or concluded, is controlled by Rule 2003. Right. But doesn't he have to do more than that? Doesn't he have to say that this rule requires – in other words, to inform the court of what his concern is? Well, first of all, my client was proceeding pro-si. So his pleading should be liberally construed. Well, he elected to proceed pro-si. Isn't that correct? That is true. He elected to proceed pro-si. But by law, usually pro-si litigants are afforded a liberal construction of their pleadings. And if you look at JA-429 to 430, he specifically lists the reasons why the complaint is untimely. He first refers to the bankruptcy court order, which specifically ties the time to file the complaint to the conclusion of the creditor's meeting. He notes that the creditor's meeting concluded on July 19th, and then 70 days later, when the objection to discharge was filed, it would be considered late. Okay.  Why didn't that save the situation from the trustee's perspective? I mean, it was Jenkins' failure to comply at the July meeting that created the problem where he had to submit further documentation. Isn't that correct? And so then he submitted that documentation. What was it? July 25th or whatever. And then the court made its text entry August 7th. Why doesn't the 60-day period run from that point in time? Well, that court order relates to the purging of Jenkins, the contempt order, and it doesn't really relate to the conclusion of the creditor's meeting. In addition, not all parties and interests would have received necessarily notice of that. Well, who are we worried about at this point in time? Well, as far as the time to Are you worried about the creditors at this point in time? It sounds to me like you're only concerned about the debtor, and it seems to me that No, I'm trying to point to a spot in the record where all parties and interests can reasonably rely on a date to know when the time limitations are triggered. The last time that all parties and interests had to receive notice was of the July 19, 341 meeting. Under Rule 2002 of the Bankruptcy Rules of Procedure, it requires that notice be sent by certified mail to all parties and interests. I guess what's bothering me about your perspective on this is that Jenkins was the one who came with insufficient materials on July 19. He's the one who created the problem, okay? Yes. Then how can he then get out of the problem by saying you didn't give sufficient notice? I mean, if he was the one that created the problem, he knew about it, and he knew he had to provide other information, why does he get off simply because the trustee didn't name a particular date? Well, because the trustee knows what the rules of bankruptcy procedure are, and if people are just allowed to ignore the rules and not follow them, then we don't need rules. The rules protect the efficient administration of every bankruptcy. And there was no confusion on the part of the trustee as to when the last meeting of creditors was held and to when it officially concluded when it was not otherwise continued. The last meeting of creditors was held on July 19, and there was no date and time set thereafter. The trustee, after receiving the documents that it requested on July 19, made no further requests of the debtor in this case. So that if Jenkins had been held in contempt, let's say he hadn't complied and he'd been held in contempt and he'd refused to submit these documents, the trustee continued the contempt hearing, but then the 60 days ran, you'd say Jenkins would still be discharged notwithstanding the fact that he had been held in contempt because the trustee hadn't specified a date for the continuance. Either the trustee should have held, if it needed to, a continued meeting of creditors, or yes, it should have filed its objection to discharge within the time allotted. Okay, so he would be discharged notwithstanding the fact that he, under this hypothetical scenario, was in active contempt of court from your perspective. Well, I think that would be something that the, well, right, he would have to suffer the consequences of being in contempt of court. But he'd nonetheless be discharged from your perspective. If the court found that proceeding under Rule 4004C, that discharge should be granted forthwith, if that was justifiable. I'm not sure what other arguments would have been made before the bankruptcy court under those circumstances. I guess you'd regard this like any other mistake that a court might make. Is that what you're saying? Or basically a litigant. If you put it in that hypothetical, yeah. Right. The question I had for you is much simpler, and that is that if after this date, this July date, we have exactly the same situation except in August, in fact, another meeting is held, what are the consequences then? Well, then that meeting would trigger... Would that trigger a new thing, even though the trustee has not said at the end of the July meeting that there's going to be... You mean if there... Another creditors meeting is held. I think your hypothetical is interesting, and depending on when the meeting was held in August and whether or not the debtor objected to that meeting, there's all different kinds of circumstances that could weigh in. Well, I thought that in answer to some of my colleagues' questions that the force of your argument was that the trustee had to say and then follow up promptly in writing, and that's why I put it in August, which we would hypothesize is not promptly, but it's not so long, but not promptly, in writing that there's going to be a continuation, and absent that, that's when the deadline begins. And so what I'm asking you is if we have the same situation as we have here, we have no order coming any more than the order we have here, we don't have a follow-up in writing, and yet we do have a new creditors meeting called in August. Well, to... It's my understanding that to hold a creditors meeting you have to send notice to all parties. You'd send a notice to all parties then before the August meeting, but not promptly after the July meeting. Well, I mean, I guess the debtor could have... If the debtor objected to the convening of that meeting, that would be an issue for the bankruptcy court to consider. If they actually convened at that meeting, then to me, I would believe that the creditors meeting had indeed been continued. I mean, if he appeared and complied, then... What I'm trying to tease out is what does it... Where does your argument go when you have that kind of situation? Because I thought you'd... You know, that's why I think that the code could be a little clearer here. I mean, if you don't, within two days afterwards, you send a written notice of a new meeting, there is no new meeting and this is the date certain and you have to do your objections following from that period, or is this sort of in limbo somewhere? Right. I think that the debtor is... That's something that needs to be litigated before the bankruptcy court. Say, if the trustee waited, you know, a little bit of time before filing prompt notice to all interested parties of the continued meeting, I think it would be in the debtor's right to contest the continuation of the meeting based on the fact that they, quote, hadn't promptly filed notice of the continuation. But I don't feel like that issue is specifically before the court. We're just trying to figure out a reasonable... Right. And I think it's interesting to also note that depending on when the... For example, in this case, the bankruptcy court order tied the filing of the objection to discharge which has a 60-day window to the conclusion of the meeting. Normally, objections to exemptions which have a 30-day window are tied to the conclusion of the meeting. So, for example, say 30 days had passed and the presiding official decided they wanted to actually continue the meeting and, you know, filed notice of that, well, the party's rights in the bankruptcy action have been altered by, you know, the presiding official dragging its heels and filing that notice, meaning that the time to object to exemptions has passed but perhaps the time to object to discharge hasn't passed yet. They're two very different concepts, though, exemptions and discharges, and it seems to me you're treating them as conceptually the same. I agree with you. They are different concepts, but they're really treated very similarly under the bankruptcy rules, and I think Rule 9006 is very clear on that where 9006 covers the computations of time for filing certain actions and B-1 generally... I'm sorry, I'm out of time. What about the equitable powers of the bankruptcy court? How does that figure into your analysis? Right. So as far as the equitable powers go, one, the trustee and administrator are raising that issue for the first time here on appeal, so if the court were to find that the objection to discharge was untimely filed and then look to see if whether any equitable doctrines can apply. As far as I can tell in the Fourth Circuit, the case for Rookie, which isn't really on point for this case here, it nods to the court in the Ninth Circuit in Santos, which that court acknowledges both the equitable estoppel and waiver doctrines, and then it actually expressly rejects equitable tolling in the instance of an untimely filing under Rule 4004. Are you referring to a discharge case, though? I thought that was... The court in Santos. Was that an exemption case? I'm sorry, I do not have that noted in my mind and I can't say one way or the other. But even if the court were to recognize equitable tolling applies under the context of Rule 4004, I don't think that the facts in this case amount to equitable tolling, so I think it's unnecessary for the court to reach that issue. I think all we have here is excusable neglect and for Rookie has expressly rejected excusable neglect as justifying the late filing of a complaint under Rule 4004. Thank you very much. Good morning. May it please the court. My name is Linda Simpson. I'm the United States Bankruptcy Administrator for the Western District of North Carolina. Before I begin my argument, I wanted to make a couple corrections to what Ms. Richardson said regarding the rules and notice. She said that the continued meeting of creditors had to be noticed to all parties. That is not the procedure. Rule 2002 requires the initial meeting of creditors to be noticed. When a continued meeting occurs and let's say a trustee makes a prompt docket entry, that is the only notice. There is no case-wide notice to creditors that the meeting has been continued. That is one point. There is public notice on the docket. I thought all lawyers were required to be looking at the docket. That is the way it was always explained to me. I agree with you, Your Honor. The initial notice to all creditors to all parties of the creditors' meeting is the only case-wide notice that is mailed out. Probably that is because sometimes creditors join in and they would say they didn't get notice and other creditors did so everybody looks at the docket. That is correct, but that notice is important because it gives the discharge deadline also for creditors and the objection deadline. The other point I wanted to correct is that Ms. Richardson said that the court ordered that the continued creditors' meeting be held on July 19. That is not the case. The court's order said July 18 or 19. In that respect, neither the court nor the trustee set a specified date because of the unique circumstances of this case. Those are two corrections I think that the record would hold. One point is that the bankruptcy rule there is no bankruptcy rule in existence that talks about the conclusion of a creditors' meeting. Rule 2003E does not address conclusion. It addresses essentially a continuance or an adjournment. That rule wasn't followed in this case, was it? For the continuance or adjournment, that is absolutely correct. It was not followed by the trustee and it was not followed by the court. So if there wasn't a continuance, it must have necessarily been concluded. It certainly wasn't continued. It was not continued pursuant to the terms of the rule. The rule does not say that this is the only way to continue a creditors' meeting. It was announced on the record so that anyone appearing at the creditors' meeting knew that the trustee was going to continue the meeting. I'm lost. Are you maintaining that when you filed late that that was a new creditors' meeting? When I filed late the objection? Yes. You could answer that question and then you can tell me. Was that a new creditors' meeting? The filing? Was that a new creditors' meeting? It was not a creditors' meeting. I sort of go back to if it wasn't adjourned, postponed, it was over. It has to be one or the other, right? It was continued. If you accept the debtors' argument that the 2003 rule says that if you don't continue it, it's concluded, which the rule does not say. If you make that leap, if you read the rules it says the plain meaning is the trustee shall do this, but there's no penalty if they don't. There's no penalty if they don't, but it does say they shall do it. It says they shall do it. There are other things it says in the rules, the trustee shall do. If you follow the debtors' argument to its conclusion, one of the things that happens is the judge's order of July 2nd giving an extension of time to object to discharge is a nullity. Let's look at the two meetings that were held. The May meeting and the July 19th meeting. Both of those were the same as far as what happened afterwards. In the May meeting, the trustee did not conclude it. He continued it, not to a date certain. In the July 19th meeting, the same thing occurred. You mean you're relying on the difference between 18 and 19 in July? Is that the gist of this argument? No, it's not. What I'm saying is if you accept the debtors' argument that 2003E says if it is not adjourned specifically according to that rule then it's concluded, then you back up to the May meeting being the conclusion. It seems to me that your argument is suggesting that because we violated the law the whole way through there was no harm. We've got a situation of harmless error. The trustee was doing things wrong the whole time and everybody knew what was going on. Isn't that essentially what you're asking? It is not complying with a rule, a procedural rule. That is correct. When we talk about harm, we need to look at the balancing that bankruptcy has between the interests of the creditors and the debtors' duties. The creditors had all kinds of time here. Pardon me? The creditors had all kinds of time here. It may not be an attractive debtor, but the creditors had a lot of time. If you're just looking at the equities, a man on the street, was this enough time? It looks like it was in the normal case. If they hadn't had enough time, they could have made a motion to get more time. A motion was made and the court extended it to 60 days. If we don't follow the rules, we're just to ignore it? Not ignore it, but there is always a remedy of the debtor to go to the bankruptcy court. The debtor can go to the bankruptcy court and ask that it be concluded. Move for the entry of its discharge. That is always available to the debtor. Likewise, the creditors and the trustee always have the availability of going to the court and asking for other relief to meet the specific circumstances of a case. It seems to me extremely unlikely that the court is going to not give the creditors the time which they're allowed under the rules. A debtor going and saying, I think they should do this all within 10 days, strikes me as fool's error. On the other hand, creditors can go and say, this is very complicated and we need extra time and make a really plausible case for getting it. I don't know that going to the bankruptcy court or extending the time or limiting the time really answers the problem here. It does because the bankruptcy court balances the interest of the code and the rules. For instance, exemptions are tied to the conclusion of a creditor's meeting and it's 30 days following conclusion. That short time is set up to allow debtors some finality in what property they can keep for exemptions. It preserves them going forward with their fresh start. That is balanced in favor of debtors. However, discharge is balanced in favor of creditors and the trustee as a representative of the normal circumstances. Do you think there should be still another benefit for creditors? No, that is the benefit. What you did here is within the rules which set forth that benefit. I understand, but the bankruptcy rules look at that balancing. In this case, there is no rule talking about the extension. The rule also allows a trustee to come in a year after a case is closed and object to exemptions where they were fraudulently claimed. That tells us that the shift in the balancing where there is fraud moves away from the debtor to the creditors. It was with the debtor on exemptions and then when we get to fraud, it moves to the creditor. Is there any comparable thing with respect to discharge? Yes. There is comparable in discharge if you find fraud. The point was that fraud is more of a trumping thing with respect to debtors. This debtor admitted his fraud. The fraud in the discharge, though, getting additional time, relates to discovered fraud after the discharge is entered. I see my time is expiring. I wanted to conclude that argument about the May meeting and the July meeting. If you logically follow the argument, then the May meeting concluded, which means the July second order had no effect. If the May meeting was the conclusion, then the July order giving 60 days following the conclusion made no sense. The same thing with the contempt order, the same thing with the order that required the debtor to appear at a continued first meeting. If you follow the debtor's argument and the strict construction of the new rule saying that it was concluded, if it is not continued specifically according to this rule, what is being asked is a new rule, strict construction of that rule, without any other rulemaking process. If you do that, you go back to the May meeting, the bankruptcy judge's order makes no sense. Thank you. May it please the court, I am Cotton Wright, law firm of Griffer and Crisp in Charlotte. My firm represents the trustee in this case, Mr. Ward. I have to say that Ms. Simpson has stolen a good bit of my thunder, so I am going to do the best I can to pick up on the argument. One thing I did want to mention with respect to the actual text of Rule 2003E. The first sentence of that rule says a meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time. It may be adjourned by announcement. That to me implies it could be adjourned by other means. The second sentence that was added in 2011 does in fact say the presiding official shall promptly file a notice of the date and time of the continued meeting. We acknowledge that did not happen in this case. Neither part happened in this case. The announcement at the meeting didn't set a date and time either, so neither of these two sentences occurred here, correct? Correct. The announcement was made at both the May 14, 2012 meeting and the July 19, 2012 meeting that the meeting would be continued and was not concluded. You are exactly correct. The letter of the rule was not followed in this case, else we probably would not be here today. I wish that the facts were a little cleaner for the trustee, but unfortunately they are not. Now, Rule 2003E was amended in 2011 and the amendment that we just referred to required the posting on the docket of the continuation date. What that amendment did not do was say if not continued in accordance with this rule, the meeting is deemed concluded. That bright line approach, which is advocated by the debtor here, was well developed in the case law by the time the rule drafters considered the 2011 amendment, but it was not engrafted onto the rule. Arguably, that second sentence that was added was engrafting the bright line rule. Arguably, possibly not because the advisory committee notes on the amendment specifically say that the amendment is being made for the benefit of creditors to give them notice of the date. In fact, it does not say the amendment is being made because there are trustees all across the country that are holding creditors' meetings open indefinitely and oh my goodness, this is a big problem. So what is to happen if the letter of the rule isn't followed? Well, in this case, we had an extension order that was fashioned by Judge Beyer for the facts and when we attempted to reschedule the May creditors' meeting, it did not respond. The trustee had to go to the court and ask the court to set a date because the debtor just was not responsive. The court entered an order setting a continuation date of July 11.  He did not respond to the motion that was filed. He did not respond to the order. He did not ask that it be reconsidered. He just didn't show up and he also didn't show up for the show calls hearing that was held later in that day and in that manner, he invited the contempt order from the bankruptcy court and as Ms. Simpson indicated, the contempt order gave two alternate dates for the debtor to appear for his continued meeting of creditors. But it's the trustee's duty to provide promptly the date. So why does the fact that the debtor is noncompliant is dragging his feet? Why does that excuse the failure to perform? Are you just saying it has to be a balance? No, balancing of the facts. Yes, Your Honor, we are saying that it requires a balance. If you were in a totally blank slate, that might have some appeal, but the Supreme Court, it seems to me, has been pretty clear that when you get into the bankruptcy law, you're supposed to follow the deadlines and the rules because that makes it very clear for everybody. Would you disagree with me? I don't disagree with that. So here we have an example to follow them and you say, no, let's balance. And that isn't the approach the Supreme Court is taking. It was on that background that this new sentence was added, it seems to me. So we have to take all of that into account. Well, possibly. Well, actually, you and I agree that those Supreme Court cases existed when this new sentence was added. The Supreme Court cases existed when the new cases were added. Who's the big guru on bankruptcy? Go look at the library. Don't ask me a test question. Colliers. Well, you know what Mr. Colliers says. I do know what Mr. Colliers says. He supports the opposite side here. He says that this rule does exactly what they say it does. I also know that the case law had been well developed by the time the rule was amended and implemented. Well, there's not a lot of case law on this. You're right. There is absolutely no case law. You're telling me that the case law has developed, that's not terribly helpful. The case law was well developed with respect to objections to exemptions. Right, but your colleague has just spent a good deal of time telling us how that case I agree. The case law has been well developed about 1983 actions too. What we have here, this is the first time Rule 2003E has been linked to a discharge objection. It's the first time that we can find in any of the reported case law. The new sentence? The whole rule. That's because, generally speaking, the objection to discharge deadline is set as a date certain in the notice to creditors that goes out when the case is first filed. It's calculated based on 60 days after the first meeting of creditors. Rule 4004 allows the bankruptcy court unlimited discretion as long as a motion is filed during that first 60 days to extend the objection to discharge deadline, which is what happened in this case. Unfortunately, that order was ambiguous. It was ambiguous because it used the word adjourn and it was ambiguous because it tagged the deadline to the conclusion of the creditors meeting. Hence, the debtors rule 2003 argument on exemptions that actually do implicate Rule 2003E. Yet, the drafters of the amended rule did not say we are going to impose a consequence if this rule is not followed. The specific consequence we are going to impose is that there will be a bright line drawn and the meeting will be deemed concluded. If that was the intent of the rule, I would argue it should have been captured in the text of the rule. The other approaches that have been developed in the case law beyond the bright line approach advocated here by the debtor or the case-by-case approach which was used by the bankruptcy court in this case, which acknowledges that the trustee needs some flexibility and discretion would not be unlimited. The analysis relies on a number of factors. The debtor always had the opportunity to come to court and say my meeting concluded on May 14, 2012. Why are you pestering me about a continuation date? The debtor always had the opportunity to come to court and say, by golly, the objection to discharge deadline ran on July 13, 2012 when it was originally set because the May 14 meeting was not properly continued. He did not do that. There is no indication in the record that the debtor waived his bright line rule application with respect to the May 14 meeting but somehow preserved the opportunity to bring it up at a later date. Are you making the argument that because he didn't make the same objection earlier on that he loses making this objection now? Is that what you're saying? That can't be the law because if you think about regular law you can pick your time. You don't need to make a motion to dismiss, you can make a motion for summary judgment which is basically a motion to dismiss. You don't rely on any fact that you call it a motion for summary judgment. That can't be the law. That's an interesting fact for you to point out but that doesn't bar him, surely. I understand your argument, Your Honor. My time is up. I've got 20 minutes. That's what red means. I apologize. Do you have any rebuttal? Ms. Richardson, I've got a question for you right out of the gate though. How can we fashion a bright line rule in applying rule 2003E when the rule itself says that the official shall promptly file? What is promptly? How can that be the subject of a bright line rule as opposed to within 7 days or within 10 days? How can we fashion a bright line rule when we are given the adverb promptly? I agree with you on that point, Judge Keenan, that the word promptly does provide for a little bit of potential for disagreement among the litigants in a bankruptcy procedure so that, for example, if a presiding official at the creditor's meeting announced the date and time of the continued meeting and then waited, say, 2 weeks before filing notice of that continued meeting's date and time, perhaps the debtor could object and say that the trustee had failed to, quote, promptly file. I don't feel like that issue is before the court right now. I'm trying to think about the opinion that we'd write. Isn't the problem here that you can't say what prompt is, that it's necessarily fact-dependent and then your argument becomes whatever prompt is, it wasn't done here? Yes, indeed, I agree with that. Certainly, prompt would not be any time beyond the time in which the parties to a bankruptcy, their rights and obligations, would be altered by the filing of any notice. For example, clearly, if the notice was filed after 30 days from the last creditor's meeting, at that time, the litigants and parties in interest, their rights and obligations have been altered, at least with respect to exemptions. I think that is a good point to be made. I just wanted to note for the court that the Bright Line rule and that it should apply to Rule 2003 after its amendment is not a novel argument and that all the case law since Rule 2003's amendment has adopted the Bright Line rule to has adopted the Bright Line rule. There is one case that applies both rules, the Bright Line rule and the case-by-case analysis that bankruptcy court was in a circuit that had previously adopted the case-by-case analysis and because the results of the case wound up the same, the court declined to adopt one rule over the other. I just wanted to say that following the Bright Line rule is good for parties in bankruptcy because it eliminates the confusion that we're considering here today and it promotes compliance at the 341 meeting because if the debtor comes to the 341 meeting unprepared and the trustee needs to continue that meeting to another date and time, the debtor's going to have to show up on another day, take a day off work to comply with whatever his responsibilities were. The drafters of the bankruptcy rules have well considered the competing interests of the parties in bankruptcy and they've somewhat artfully drafted these complex rules and the parties have a great interest in the court's strict adherence to the plain language of the rules. As Judge Motz pointed out, the Supreme Court, the United States Supreme Court, has consistently stressed the importance of courts adhering to the bankruptcy court's plain language of the bankruptcy court's rules as well as the strict limitations to file certain actions there under. I just wanted to point out that it's really not the debtor's burden to file notice that a creditor's meeting has concluded and that would be an inappropriate shift or burden on a party to bankruptcy. Unless there are any other further questions from the court, I think we're fine. Thank you very much. Ms. Richardson, I understand that you've been court appointed. We very much appreciate your efforts to define jobs. We will come down and greet the lawyers and then go directly to them.
judges: Diana Gribbon Motz, Barbara Milano Keenan, Stephanie D. Thacker